Our final case this morning is also in Re. Gesture Technology, 2024-1038. Mr. Rippins, Elder. May it please the Court. Your Honor, I'd like to start just by clarifying one of the questions about non-analogous art. The reference at issue before the panel on Wednesday was the man reference, whereas today, both in this case and the previous one, it's the Sears reference. So they are different. My focus today will also be with respect to non-analogous art. I'd like to start with the first test and really the field that the Patent Office set forth. The field of endeavor for the 949 patent is a picture-taking system that performs real-time analysis of gestures by a sensor, then captures an image based on whether the gesture is performed. With respect to Sears, the field of endeavor is electronic reading machines. There's no dispute that there is disclosure of some gesture use in Sears, but it's simply in a different field of endeavor. One looking in the field of endeavor of the 949 patent would not consider art in the field of electronic reading machines. But it's not reasonably pertinent? No, Your Honor. So the issue is really what problem was trying to be solved and whether that issue and the problems with electronic reading machines versus the problems of if you're standing and you'd like to take a picture without using a remote, are those reasonably pertinent to each other? The issue in Sears is navigating around text with something sitting basically right in front of you. You're physically manipulating that page underneath the structure of Sears, maneuvering text around cameras and pointing. It's significantly different than the problem of taking a picture without having to have your hand on a remote or having a timer to work with. Those problems are not reasonably pertinent to each other. And so that is why the Sears reference does fail the second test for analogous art. So also the issue to discuss, Your Honors, with respect to the processing unit in Claim 13 is our position that the term should not be interpreted as a means plus function limitation and construed under 35 U.S.C. 112, paragraph 6, for the simple reason that a person of ordinary skill in the art would have understood what that term means. Frankly, the term central processing unit is ubiquitous. And so a person of ordinary skill in the art would have understood what a processing unit is. There's no need to construe it under 35 U.S.C. 112, 6. Putting that aside, the board, I'm sorry, the examiner and then the board affirmed an analysis in which there's no linkage between the disclosure in Numizdaki and the specific, that specific structure. And so there's a failure there and not substantial evidence to support the finding. Finally, Your Honors, I would like to add one note about the jurisdictional issue. One additional, there are several rights that are taken away, as my colleague discussed. Additional rights that expire at the end of the public grant are the right to exclude, cannot get injunctive relief after the expiration. And then patent holders also have the right taken away to amend or cancel claims after the expiration of that right, which further supports our opinion or our argument. I have nothing further unless Your Honors have any questions for me. Can we open it up for you? Save your time. Thank you, Your Honor. Ms. Craven. Good morning, Your Honors, and may it please the Court. The Board correctly found Claims 8 through 18 of Gestures 949 patent obvious over Sears. Numizdaki is not prior art that is involved in this appeal. Substantial evidence supports the Board's findings that Sears is analogous art and that it teaches each of the disputed limitations in Claims 13, 15, and 18. For analogous art, the Board, substantial evidence supports the Board's findings that Sears is in the field of endeavor and also that it is reasonably pertinent to the question facing the inventor of the 949 patent. I'm happy to address any questions the Court has about analogous art. Therefore, I will rest on my briefs unless the Court has other questions. That's fine. Thank you, Your Honors. Mr. Newton-Jonah has rebuttal time if you have something to rebut. Your Honors, I simply wanted to correct a mistake I mistakenly said Numizdaki instead of Sears in my argument. My apologies. Thank you to both counsel. The case is submitted. And that concludes today's argument.